## WM. WUNSCH v. L. BOLDT.

### (No. 2770.)

APPEAL from DeWitt County. Opinion by WHITE, P. J.

R. A. PLEASANTS and RUD. KLEBERG, counsel for appellant.

No counsel appeared for appellee.

§ **50.** *Contract; acceptance of work done under; money paid not recoverable when; case stated.* Appellee, Boldt, brought this suit originally in justice's court, to recover back from Wunsch a sum of money which he had paid Wuncsch upon a contract between the parties by which Wunsch was to bore a well for W. Boldt. The agreement between plaintiff and defendant was that, if plaintiff was satisfied with the supply of water found at a depth of one hundred and fifty feet, then defendant would not charge plaintiff for the additional forty feet which he had bored, but would stop boring, turn the

well over to plaintiff, and receive pay for the one hundred and fifty feet only. They made the test, plaintiff expressed himself as satisfied with the supply, received the well, and defendant left; and plaintiff several days afterwards met him again, and expressed himself as satisfied with the supply of water, and paid defendant the price agreed upon. He brought this suit to recover back the money thus paid, because the said well did not afford a sufficient supply of water, and on appeal to the county court the plaintiff recovered judgment against Wunsch for $122.50, with costs of suit, from which judgment Wunsch prosecutes this appeal. All the evidence in this case shows that there was a sufficient and ample supply of water when the test was made and the well accepted. And the contract between plaintiff and defendant contains no guaranty that this supply of water should never fail, or that the well should never get out of fix. The issue raised by the evidence, being whether or not plaintiff had accepted the well unconditionally, was an issue of fact, and should have been presented to the jury under proper instructions of the court.

The court erred in not giving the jury the following instructions asked by the defendant, to wit: "If the jury believe from the evidence in this case that the plaintiff expressed himself as satisfied with the well dug by defendant, and accepted the same at the time the test was made of its capacity, they must find for defendant," etc. Another principle of law well settled, and which should have been submitted under the facts of this case, is that "if a party, with full knowledge of all the facts, pays in satisfaction of a demand made upon him, he cannot afterwards allege such payment to have been unjustly demanded, and recover back the money." [7 Wait's Act. & Def., pp. 402, 403; Broom, Leg. Max. (8th ed.), p. 271.]

January 25, 1890.          Reversed and remanded.